UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| **RODERICK WASHINGTON,** | ) | Case No. CV 14-5267-CBM(AJW) |
| Petitioner, | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| v. | ) | **DISMISSING PETITION** |
| | ) | **WITHOUT PREJUDICE** |
| **JOHN SCOTT, Sheriff,** | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner was convicted on April 30, 2013 of one count of identify theft, one count of second degree commercial burglary, and two counts of forgery. He was sentenced to three years in county jail. [Lodged Document ("LD") 1]. On July 8, 2014, petitioner filed a petition for a writ of habeas corpus in this Court. Respondent filed a motion to dismiss the petition on September 17, 2014, arguing that petitioner had failed to exhaust his state remedies with respect to three of the six claims raised in the petition. Petitioner's opposition was due on October 17, 2014. As of the date of this order, petitioner has neither filed an opposition nor requested additional time within which to do so.

On September 29, 2014, mail from the Court addressed to

petitioner was returned as undeliverable, with a notation indicating that petitioner had been released. The Clerk mailed the returned documents to petitioner on September 9, 2014. Because more than fifteen days have passed since the service date of the returned mail, the petition is subject to dismissal based upon petitioner's failure to keep the Court informed of his current address. See Fed.R.Civ.P. 41(b); C.D.Cal. Local Rule 41-6; Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (holding that it was not an abuse of discretion to dismiss a pro se plaintiff's action for failure to keep the court apprised of his current mailing address as required by local rule); Pickens v. Los Angeles County Sheriff Deputies, 2010 WL 1931267, *1 (C.D.Cal. Apr. 7, 2010) (recommending dismissal without prejudice based upon the plaintiff's failure to advise the court of his address as required by Local Rule 41-6), report and recommendation adopted, 2010 WL 1929884 (C.D.Cal. May 7, 2010).

A state prisoner is required to exhaust all available state court remedies before a federal court may grant habeas relief. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see Duncan v. Henry, 513 U.S. 364, 365 (1995)(per curiam). The exhaustion requirement is satisfied when the substance of a petitioner's federal claim has been fairly presented to the state's highest court. Davis v. Silva, 511 F.3d 1005, 1008-1009 (9th Cir. 2008).

It appears that three of petitioner's six claims for relief have never been presented to the California Supreme Court, and therefore, petitioner not exhausted his state remedies. [See Petition at 6-11; LDs 6, 7, 9]. Ordinarily, the Court would provide petitioner with the option of either dismissing the unexhausted claims and proceeding on the basis of the remaining exhausted claims for relief, or requesting

2

a stay in order to return to state court to exhaust state remedies. Considering petitioner's failure to file an opposition to the motion[1] together with his failure to keep the Court informed of his address, however, that course of action is not warranted in this case.

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed without prejudice.

**It is so ordered.**

Dated: November 14, 2014

_____
Consuelo B. Marshall
United States District Judge

---

[1] Pursuant to Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion. Therefore, the motion to dismiss also may be granted on the basis of petitioner's failure to oppose it.